CLIFFORD S. HATHAWAY *vs.* THOMAS E. WILSON.
SAME *vs.* SAME.

JULY 2, 1932.

PRESENT: Stearns, C. J., Rathbun, Murdock, and Hahn, JJ.

HAHN, J. These are writs of error and *certiorari* bringing before this court for review and correction the record of the District Court of the Second Judicial District in the case of *Clifford S. Hathaway* v. *Thomas E. Wilson* in order that, through the writ of error, errors appearing in said record may be corrected and judgment entered and, through the writ of *certiorari,* said record or so much thereof as may be illegal may be quashed.

It appeared in evidence that Hathaway, the petitioner herein, caused to be issued from said district court a writ of summons against the respondent, Wilson, in an action of the case in assumpsit. The writ was dated January 11, 1932, and was made returnable to said court January 18. The respondent, having at the time no attorney, answered the case personally on the entry day, and at his request the case was continued two weeks, to February 1, and again to February 8. On that date, the defendant having failed to appear, an affidavit in proof of claim was filed and the following entry was made by the court on the original writ: "Defaulted—judgment for amount of affidavit." There also appears on the writ under date of February 15 "judgment for plaintiff

for $25.25 and costs as of February 8, 1932." On February 13 the petitioner caused to be issued a writ of *mesne* process, directing the arrest of the respondent, alleging in the affidavit that the respondent had "committed fraud . . . in contracting the debt on which the action is founded." Said writ of *mesne* process was made returnable to said court on February 29. The respondent was arrested thereon and committed to jail. Later he obtained bail and through counsel filed a motion that the writ of *mesne* process be quashed and that he be released and his bail discharged because said writ of *mesne* process was void, being returnable on a date subsequent to final judgment. This motion was heard and granted, and thereafter petitioner herein filed in said court two motions, one to vacate the entry made by the court on February 8 and the other to set aside the decision entered by the court on February 29, in which it quashed the writ of *mesne* process. These motions were denied.

On April 1, 1932, a "rescript to amplify record" was filed by the justice of the district court in which, after stating the travel of the case, the court said: "On February 8, 1932, defendant did not appear and was defaulted, and at once plaintiff filed his affidavit in proof of claim in the amount of $25.25 and thereupon moved for judgment and then the court rendered judgment for the plaintiff for that amount (this should technically have been termed a decision). No appeal was taken from this decision and no motion was made to remove the default. Consequently, final judgment entered up seven days later on February 15, 1932. . . ." The court was of the opinion that the writ of *mesne* process was void because it was not returnable at a time before final judgment in accordance with Sec. 17 of Chap. 349 of the General Laws, and granted defendant's motion to quash the writ on that ground.

It appears from an inspection of the entries upon the original writ considered in connection with the rescript of the justice that on February 8, 1932, the court rendered "judgment" for the amount of the affidavit. This undoubtedly

should have been termed "decision," and had the same effect as that term. In *Gregson* v. *Superior Court*, 46 R. I. 362, this court held that notwithstanding the fact that the word "judgment" is prematurely used it has the same effect as the word "decision". In *Lavelle* v. *Kimball*, 18 R. I. 786, it was held that where there was an entry of judgment by submission "the entries on the docket or papers are deemed to be a decision within the use of that term in the act." (§17, Chap. 19 of the Judiciary Act; now S. 20, C. 338, G. L. 1923.)

In the instant cases the petitioner, who was the plaintiff in the original case, made no objection to the entries upon the docket of the district court and, so far as appears, was in no manner prejudiced by the same. To present petitions which seek to quash, correct or amend the record of the district court represents an effort on the part of petitioner to justify his act in having issued and served a writ of *mesne* process returnable after final judgment and thereby void. The petitioner, aside from the reason above stated, presents no substantial ground for the relief asked.

As there is no illegality in the record of the proceedings in the district court the writ of *certiorari* (M. P. No. 551) is quashed.

In the case of the writ of error (M. P. No. 550), there being no error in the judgment entered by the district court, such judgment is affirmed and the papers will be remitted to the District Court of the Second Judicial District.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for petitioner.

*George Hurley, Walter V. Moriarty,* for respondent.